Judge Owsley
delivered the opinion of the court.
This was an action of trespass, assault and battery, brought in the Fayette circuit court against the Fords.
The declaration charges the injury to consist in an assault, battery and wounding.
A writ against both the Fords, issued to the sheriff of Fayette, and bail being required by an order of a justice of the peace, was served upon William Ford, and the recognisance of special bail taken by the sheriff; but the defendant John being not found, the sheriff made his return accordingly.
Upon the return of the sheriff, Logan caused an alios capias to issue to the sheriff of Woodford, but with directions for it to be served upon John only—the alios was accordingly served upon John and returned executed and escaped.
Several terms subsequent to this return a writ of enquiry was executed, and $400 damages assessed and judgment thereon rendered in favor of Logan—From that judgment the Fords have appealed and have assigned for error:
1. The judgment by default is not authorised by law and the rules of practice—the process to Woodford having improprely issued and the return not justifying the judgment.
2. The court erred in not permiting the defendants, the Fords to file their plea, as set forth in their bill of exceptions.
3. The court erred in permitting evidence introduced by Logan, and which was objected to by the Fords.
The first error assigned cannot be sustained. If the writ properly issued to Woodford, there can be no doubt but the *325 service was sufficient to authorise the taking a judgment by default, and that the writ should be intended to have correctly issued to that county, we apprehend there is as little room to question: the act of February 1812, (session acts, 1811, 181,) under which these proceedings were had, expressly authorises, in every species of personal action where there are more than one defendant, the plaintiff commencing his action in the county where either of the defendants reside; to issue any writ or writs, to any other county where the defendants or any of them may be found. By this act, it is true, to authoise the issuing of a writ in those cases not otherwise provided for, by other statutes, to another county than that in which the action is commenced, the suit must be brought in the county where some one of the defendants resides; but we suppose the fact of residence need not be alledged in the court, and if relied on by the defendants, must be taken advantage of in the regular mode of pleading before the final judgment.
A writ for a joint assault may correctly be sent to different counties, where the defendants reside in different counties;
The practice is correct to require parties to be ready with their pleadings at the calling of the cause.
A plea justifying a wounding in defence of the possession of a close, is inadmissible.
And with respect to the question raised by the second assignment of error, we are of opinion, the decision of the circuit court is correct. In forming this opinion, we have not deemed it material to go into an exposition of the facts and statements, contained in the bill of exceptions. The bill of exceptions appears to have been signed by the bystanders, and is certified by the judge, to omit statements which be conceives it ought to contain, and to recite others which he supposes not correct. We have thought proper, however, to remark, that the rule of practice, adopted by that court, requiring defendants to be prepared on the calling of the cause, with their pleadings ready to file them, is, as a general rule, subject, nevertheless to be departed from in particular cases, under the sound discretion of the judge, liable to no just or legal objection. In all courts such a rule facilitates the dispatch of business, and in some courts without such a rule, the administration of justice might be protracted to a denial of it.
Taking the statements contained in the exceptions in the most favorable light for the Fords, and allowing every intendment in their favor, still we should think the plea offered by them was properly excluded. It was properly excluded because it purports to be an answer to the whole cause of action, and it contains no sufficient answer to the wounding charge in the declaration. It purports to justify the injury complained of in the declaration, in defence of *326 a close which the Fords alledge they were possessed, and into which they charge Logan was attemting forcibly to enter.
Circumstances calculated to enhance or diminish damages in an action of assault and battery may be resorted to by the parties.
Haggin for appellant, Wickliffe contra.
Such a plea was determined at this term, in the case of M‘Ilvoy against Cochran, an admissible justification to an assault and battery; but in the same cause it was also held to be no sufficient answer to a wounding charge in the declaration.
Considered as an insufficient plea, therefore, whatever may have been the circumstances under which it was tendered, the court cannot have erred in not allowing it to be filed.
We are also of opinion the court decided correctly in overruling the Fords’ objection to the evidence offered by Logan.
It appears that the Fords proved, that they were, some weeks before the comission of the assault, &c. complained of, put into the possesion of the field, where the trespass, assault, &c. was committed, by a certain William Steel, and commenced plowing, and that Logan and other laborers of his, Logan’s father, who claimed the land adversely to the Fords, entered into the field and also commenced plowing, and refused to depart at the time the assault, &c. was committed—whereupon Logan examined a witness to prove that his father, under whose order he acted, had been previously in possession, peaceably having occupied it the preceding year. This latter examination was objected to and the decision of the court, in permitting it, is questioned by the third assignment of error.
It will be presumed that the evidence thus introduced by Logan, to repel any unfavorable impression which might be drawn from his having (under the circumstances proven by the Fords) entered upon the possession, and as evidence calculated for that purpose we think it was properly admitted.
For whilst the evidence introduced by the Fords, was properly admitted as conducing to mitigate damages, that of Logan similar in its nature, was equally proper, as tending to aggravate the circumstances of the assault, &c. which the evidence of the Fords was calculated to alleviate.
The judgment, must be affirmed with costs and damages.